IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARLOS CRIOLLO | § | |
| v. | § | CIVIL ACTION NO. 6:09cv264 |
| PAULETTE MILTON, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Carlos Criollo, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Criollo sued Nurse Paulette Milton, Michael Unit practice manager Pam Pace, program manager Guy Smith, and an unknown nurse at the Estelle Unit in Huntsville, Texas.

Criollo stated that on March 5, 2009, while at the Estelle Unit, he caught his hand in a cell door, which then closed and locked. He complained about the treatment which he received for this injury, saying that the splint was not removed, he did not receive pain medication, and he did not have a follow-up appointment with a medical provider when he was supposed to. As the Magistrate Judge observed, the medical records essentially confirm Criollo's testimony, showing that he was ordered medication, a splint, and a follow-up exam on March 5, but that although these orders were reflected on the pass which Criollo received, they were not put into the computer. A computer print-out dated March 9, 2009, does not show that Criollo had any prescribed medications at that time, and the response to Criollo's Step Two grievance acknowledged that the Estelle Unit had failed to put

1

the orders into the computer and that the Michael Unit had failed to document the medications which Criollo had been prescribed.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted the accuracy of Criollo's testimony and said that "there is no doubt that mistakes were made in treating Criollo's injury." These mistakes included the fact that medications were prescribed but not given or put on the computer, a pass listing his medications was apparently overlooked, Criollo was given outdated and expired medication, the bandage was not changed when it should have been, and Criollo was not scheduled to see a provider when he was supposed to be, although he was told that he could submit a sick call request to get such an appointment.

However, the Magistrate Judge said, nothing in the records, the pleadings, or Criollo's testimony showed that these mistakes were the result of deliberate indifference to his medical needs rather than simple negligence or carelessness. The fact that doses of pain medication were missed and the pass was overlooked did not in themselves show deliberate indifference. The Magistrate Judge stated that at most, Criollo had shown a failure to alleviate a risk which they should have perceived but did not, and that this did not amount to deliberate indifference so as to implicate the Eighth Amendment. The Magistrate Judge also rejected Criollo's complaint that his grievances were wrongly denied. Finally, the Magistrate Judge recommended dismissal without prejudice of Criollo's claim against the unknown nurse at the Estelle Unit, in that the claim was brought in a court of improper venue.

After seeking and receiving an extension of time, Criollo filed objections to the Magistrate Judge's Report on March 29, 2010. In his objections, Criollo argues that the fact that he missed doses of medication and that he did not receive the treatment which he was prescribed is by itself proof of deliberate indifference. He states that his medical need was serious, that the orders listed on his pass should have been followed, and that because it was not, he was denied treatment which had been ordered by a medical provider.

With regard to his grievances, Criollo argues that the fact that his grievances were denied is also proof of deliberate indifference to his serious medical needs. He said that Pace removed the expired aspirin packets from his Step One grievance, to which he had attached them as proof, and that he had filed his grievance as an emergency. Criollo attaches a copy of his pass, and a copy of the clinic notes made by Pearson, as evidence.

Contrary to Criollo's contentions, the facts which he cite do not prove deliberate indifference. The record reflects that the orders were not properly entered into the computer and as a result, the medical staff at the Michael Unit overlooked them. As the Fifth Circuit has explained, however, a showing of deliberate indifference is made where the prison officials refuse to treat the inmate, ignore his complaints, intentionally treat him incorrectly, or engage in similar conduct. Domino v. TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001). In the present case, by contrast, the evidence shows carelessness or negligence, not deliberate indifference. As the Fifth Circuit has also explained, malpractice alone is not grounds for a constitutional claim, nor is negligent or mistaken medical treatment. Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991); Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). While there is no doubt that Criollo did not receive proper treatment, he has not shown that this failure amounted to a constitutional violation. His objection on this point is without merit.

Criollo argues that the denials of his grievances amounted to deliberate indifference to his serious medical needs, but makes no mention of the fact that, as the Magistrate Judge said, he has no constitutional right to have grievances resolved to his satisfaction. Instead, Criollo contends that the fact that his grievances were denied shows deliberate indifference because Pace and Smith were responsible for his receiving proper medical care. The Magistrate Judge correctly determined that this claim lacked merit, and Criollo's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings, records, and testimony in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such

*de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against Nurse Paulette Milton, Pam Pace, and Guy Smith be and hereby are DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that the Plaintiff's claim against the unknown nurse at the Estelle Unit is hereby DISMISSED without prejudice as brought in a court of improper venue. Finally, it is

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**SIGNED this 31st day of March, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE